# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| FRIENDS OF ANIMALS, a non-profit corporation,<br><br>*Plaintiff*,<br><br>v.<br><br>DEB HAALAND, in her official capacity as Secretary of the Interior; and<br><br>THE UNITED STATES BUREAU OF LAND MANAGEMENT, an agency of the United States<br><br>*Defendants*. | Case No. 3:22-cv-00365-ART-CLB<br><br>**ORDER ADOPTING CASE SCHEDULE OUTLINED IN**<br><br>**JOINT CASE MANAGEMENT REPORT** |

1	Plaintiff Friends of Animals ("Plaintiff") and Defendants Deb Haaland, in her official
2	capacity as Secretary of the Interior, and the United States Bureau of Land Management
3	(BLM) ("Defendants"), (collectively, the "Parties"), file this Joint Case Management Report
4	for the above-captioned case pursuant to the Court's Order dated October 18, 2022 (ECF
5	No. 18). The parties have conferred and agree that this is a case for review on the
6	administrative record and is therefore exempt from the requirements of Federal Rule of
7	Civil Procedure 26. *See* Fed. R. Civ. P. 26(a)(1)(B)(i); D. Nev. Civ. R. 16-1(c)(1).

**1. Nature of the case**

BLM manages 245 million acres of public lands in the United States including about 26.9 million acres managed as wild horse and burro habitat. BLM periodically rounds up and removes wild horses and burros ("WHB") from public lands. After a gather BLM transfers the wild horses and burros to off-range corrals (ORCs), which were previously known as short-term holding facilities. Wild horses and burros are held at ORCs until they are adopted, sold, die, or there is availability at off-range pastures (ORPs), which were previously known as long-term holding facilities.

On October 30, 2020, BLM issued a solicitation seeking contractors to provide ORC space on private land in Nevada and two other states. On August 3, 2021, BLM sent an official apparent awardee letter to JS Livestock Inc. stating that BLM anticipated awarding a contract to JS Livestock for the processing, feeding, and care of up to 4,000 excess wild horses and burros on 100 acres of private land owned by JS Livestock near Winnemucca, Nevada (the "Winnemucca ORC"). On September 2, 2021, BLM released a Preliminary Environmental Assessment (EA) pursuant to the National Environmental Policy Act (NEPA) and solicited public comments on the Proposed Action for the BLM to fund a contract with JS Livestock for the Winnemucca ORC.

On November 3, 2021, BLM released a Final EA, a Finding of No Significant Impact (FONSI), and a Decision Record concluding that the construction, maintenance and operation of the Winnemucca ORC would not significantly impact the human environment and that an Environmental Impact Statement (EIS) under NEPA was not necessary.

On August 18, 2022, Friends of Animals filed a complaint against Defendants claiming that BLM's decision to fund and continuously operate the Winnemucca ORC violated NEPA 42 U.S.C. §§ 4321, *et seq.*, the Wild Free-Roaming Horses and Burros Act (WHBA) 16 U.S.C. §§ 1331 *et seq.*, and was arbitrary and capricious, an abuse of discretion, and not in accordance with law or required procedure, in violation APA the Administrative Procedure Act (APA) 5 U.S.C. §§ 701-06. Friends of Animals claims that the decision to award the Winnemucca ORC contract violates NEPA, the APA, and the WHBA.

Defendants dispute Plaintiff's claims and maintain that the decision to award the Winnemucca ORC contract, and its accompanying environmental review, are lawful, reasonable, and supported by the record. Defendants deny that Plaintiff is entitled to any relief whatsoever.

**2. Jurisdiction**

This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331 because this action presents a case and controversy arising under the WHBA, 16 U.S.C. §§ 1331 *et seq.* and NEPA, 42 U.S.C. §§ 4321, *et seq.* which are federal statutes. This Court also has jurisdiction pursuant to 28 U.S.C. § 1346, as the United States is a defendant. This Court has authority to grant Plaintiff's requested relief pursuant to 28 U.S.C. §§ 2201-2202 (declaratory and injunctive relief) and 5 U.S.C. §§ 701-706 (Administrative Procedure Act).

Venue properly lies in this Court pursuant to 28 U.S.C. § 1391(e) and 16 U.S.C. § 1540(g)(3)(A). The events giving rise to the cause of action occurred in this judicial district and Defendant, BLM, maintains an office in this judicial district.

### 3. Additional parties and amended pleading

The Parties do not expect to add additional parties to the case or otherwise amend pleadings.

### 4. Pending motions

There are no pending motions in this case.

### 5. Related cases

There are no related cases to this case.

### 6. Discovery

The Parties agree that this case arises under the APA, which will involve resolution of Plaintiff's claims through judicial review of the administrative record and applicable federal statutes and regulations. *See* 5 U.S.C. § 706; *Camp v. Pitts*, 411 U.S. 138, 142 (1973); *Ctr. For Biological Diversity v. U.S. Fish & Wildlife Serv.*, 450 F.3d 930, 934 n.4 (9th Cir. 2006). Extra-record evidence, including the taking of discovery, is allowed only through limited exceptions and the parties are not obligated to follow the Federal Rule of Civil Procedure 26 discovery process. *See* Fed. R. Civ. P. 26(a)(1)(B)(i); D. Nev. Civ. R. 16-1(c)(1). The Parties have conferred, and neither the Plaintiff nor Federal Defendants intend at this time to seek discovery; in the event that any Party decides to alter from this plan and seek discovery, the Parties acknowledge that leave of the Court would be required.

### 7. ESI

This section is inapplicable to this case because this is a case for review on the administrative record.

### 8. Scheduling

The Court ordered the parties to file a Joint Case Management Report by Friday, November 18, 2022. *See* ECF No. 18. As discussed above, this case arises under the APA and neither party intends to seek discovery at this time. The parties have conferred and agree that the case could be resolved with motions for summary judgment. The parties

respectfully request the Court enter an order approving the following schedule for producing the administrative record and briefing motions for summary judgment:

**Administrative Record**

- Defendants shall file the certified administrative record with the Court and serve a copy of the administrative record upon Plaintiff no later than December 16, 2022.
- The parties shall consult about any concerns with the administrative record and attempt to informally resolve any disputes regarding the administrative record no later than January 17, 2023.
- If the parties cannot resolve disputes regarding the administrative record informally, Plaintiff will file a motion to complete and/or supplement the administrative record by February 15, 2023.
    - Defendants' opposition to Plaintiff's record motion will be due by March 15, 2023.
    - Plaintiff's reply will be due by March 29, 2023.
- If Plaintiff files a motion to complete and/or supplement the administrative record, the summary judgment schedule outlined below will be vacated. The Parties will submit a new, mutually agreeable summary judgment schedule within 7 days of the Court's decision on Plaintiff's record motion.

**Motions for Summary Judgment**

- If there are no administrative record disputes, the parties agree to the following schedule for briefing motions for summary judgment:
- Plaintiff shall file its Motion for Summary Judgment no later than February 23, 2023.
- Defendants shall file their combined Response to Plaintiff's Motion for Summary Judgment and Cross-Motion for Summary Judgment no later than March 23, 2023.
- Plaintiff shall file its combined Response to Federal Defendants' Cross-Motion and Reply in support of its Motion for Summary Judgment no later than April 13, 2023.

- Defendants shall file its Reply in support of its Cross-Motion for Summary Judgment no later than May 4, 2023.

9. **Jury Trial**

This section is inapplicable to this case because this is a case for review on the administrative record.

10. **Settlement**

At this time, the parties do not believe the dispute can be resolved through settlement.

11. **Magistrate**

The parties do not consent to proceed before the magistrate judge.

12. **Expedited briefing**

The parties believe this case can be resolved on motions for summary judgment and agreed to the briefing schedule listed above.

13. **Case management conference.**

The parties do not request that a case management conference be set in this case.

Dated: November 18, 2022                                 Respectfully submitted,

| s/Andreia E. Marcuccio | TODD KIM |
|---|---|
| Andreia E. Marcuccio (pro hac vice)<br>Friends of Animals, Wildlife Law Program<br>7500 E. Arapahoe Road, Suite 385<br>Centennial, CO 80112<br>Telephone: (720) 949-7791<br>FAX: (888) 236-3303<br>andreia@friendsofanimals.org<br><br>*Attorney for Plaintiff* | Assistant Attorney General<br>Environment & Natural Resources Division<br>S. JAY GOVINDAN, Acting Section Chief<br>Wildlife & Marine Resources Section<br><br>s/ Mark A. Pacella<br>MARK A. PACELLA (DC Bar # 470485)<br>Trial Attorney<br>U.S. Department of Justice<br>Environment & Natural Resources Division<br>Natural Resources Section<br>P.O. Box 7611<br>Washington, DC 20044-7611<br>Telephone: (202) 514-3126 |

|   |   |
|---|---|
|   | Facsimile: (202) 305-0506<br>Email: mark.pacella@usdoj.gov<br><br>RICKEY TURNER (CO Bar # 38353)<br>Senior Attorney<br>U.S. Department of Justice<br>Environment & Natural Resources Division<br>Wildlife & Marine Resources Section<br>999 18th St., South Terrace, Suite 370<br>Denver, CO 80202<br>Ph: 303-844-1373<br>Fax: 303-844-1350<br>rickey.turner@usdoj.gov<br><br>JASON M. FRIERSON<br>United States Attorney<br>District of Nevada<br>Nevada Bar Number 7709<br>HOLLY A. VANCE<br>Assistant United States Attorney<br>400 South Virginia Street, Suite 900<br>Reno, NV  89501<br>Tel: (775) 784-5438<br>holly.a.vance@usdoj.gov<br><br>Counsel for Federal Defendants |

Having reviewed the above, the Court adopts the schedule outlined herein for the this case.

IT IS SO ORDERED.

DATED this 21st day of November, 2022.

_____
United States Magistrate Judge

6