TODD KIM
Assistant Attorney General

JASON M. FRIERSON
United States Attorney
District of Nevada
Nevada Bar No. 7709

TROY K. FLAKE
Assistant United States Attorney
501 Las Vegas Boulevard, South, Suite 1100
Las Vegas, Nevada 89101
Telephone: 702-388-6336
E-mail: *troy.flake@usdoj.gov*

MARK A. PACELLA (DC Bar # 470485)
RICKEY D. TURNER, JR. (CO Bar # 38353)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section, Natural Resources Section
Natural Resources Section
P.O. Box 7611
Washington, DC 20044-7611
Telephone: (202) 514-3126
Facsimile: (202) 305-0506
E-mail: *mark.pacella@usdoj.gov*

*Attorneys for Federal Defendants*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| FRIENDS OF ANIMALS, <br><br> Plaintiff, <br><br> v. <br><br> DEB HAALAND and U.S. BUREAU OF LAND MANAGEMENT, <br><br> Defendants. | Case No.: 3:22-cv-00365-ART-CLB <br><br> **FEDERAL DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR STATUS CONFERENCE** |

Federal Defendants respectfully submit this response to Plaintiff's Motion for Status Conference (ECF No. 38) ("Plaintiff's motion"). Federal Defendants recognize that it is within the Court's discretion whether to convene a status conference and are prepared to do what the Court deems most appropriate. However, Federal Defendants do not believe Plaintiff's request is appropriate.

Plaintiff seeks a status conference "to determine whether a motion for a preliminary injunction is appropriate and schedule briefing on such motion if needed." Pl. Mot. 1. The purpose for this request is to solicit this Court's commitment to issue a decision on the parties' motions for summary judgment before July 7, 2023 or else Plaintiff will file a motion for preliminary injunction. *See* Pl. Mot. 4. Briefing of the parties' cross-motions for summary judgment closed just this week with Federal Defendants filing of their reply brief on June 5, 2023 (ECF No. 37).

Plaintiff's threatened motion for a preliminary injunction is untimely, and any purported urgent need for a decision is a self-inflicted injury. Plaintiff's motion makes clear that Plaintiff has known all along that gathers of excess horses generally occur each year beginning in July. Pl. Mot. 2. At the outset of this case, the parties jointly proposed a schedule (which the Court adopted) under which dispositive motion briefing was to close on May 4, 2023. On March 15, 2023, the Court granted (over Plaintiffs' objection) a one-month extension of the briefing schedule (for good cause shown as a result of Government counsel's illness), to be concluded on June 5. *See* ECF No. 33. Even under the original schedule it would be unreasonable to expect this Court to hold oral argument and issue a decision within the deadline they are now seeking to impose on the Court, *i.e.,* by July 7, 2023. Moreover, the proposed schedule included a briefing period for resolving disputes over the completeness of the administrative record if such disputes could not be informally resolved. *See* ECF

No. 21 at 4. Briefing on any such dispute would not have been completed until March 29, 2023, and summary judgment briefing would not have begun until after a decision on the record motion. *Id.* Clearly, Plaintiff could not have expected a decision within the time frame they now assert is necessary if summary judgment briefing could have been postponed until sometime well after March 29, to resolve a records dispute.[1]

Moreover, Plaintiff's anticipated motion for a preliminary injunction is meritless, both on likelihood of success and on the equities.[2] Plaintiff cannot establish that the remedy of an injunction is appropriate, let alone the extraordinary remedy of a preliminary injunction. In short, Plaintiff's assertion of imminent, irreparable harm because it is "very likely that BLM will transport a significant number of animals to the Winnemucca ORC" in connection with upcoming gathers is speculative, self-inflicted, and without merit.

---

[1] The United States agreed informally to supplement the record despite having legitimate disputes, thereby avoiding the necessity for record briefing which would have substantially extended the timing of a decision on the merits.

[2] Plaintiff's motion further underscores that Plaintiffs' objective in this lawsuit is to collaterally attack and prevent gathers of excess horses—separate and distinct decisions that are not before this Court, and for which this Court cannot issue any remedy. Such decisions are subject to their own decision-making processes and administrative records, which Plaintiff routinely challenges. *See, e.g., Friends of Animals v. Silvey,* 353 F.Supp. 3d 991 (D. Nev. 2018) (challenging gather plan and removal of excess horses from the Triple B and Antelope Complexes in Nevada).

| | |
|---|---|
| Dated:  June 9, 2023 | Respectfully submitted, |
| | TODD KIM<br>Assistant Attorney General<br>Environment & Natural Resources Division<br>SETH M. BARSKY, Section Chief<br>Wildlife & Marine Resources Section |
| | JASON M. FRIERSON<br>United States Attorney |
| | TROY K. FLAKE<br>Assistant United States Attorney |
| | /s/ Mark A. Pacella<br>MARK A. PACELLA<br>RICKEY D. TURNER, JR. |
| | *Attorneys for Federal Defendants* |

**CERTIFICATE OF SERVICE**

I hereby certify that service of the foregoing FEDERAL DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR STATUS CONFERENCE was made through the Court's electronic filing and notice system (CM/ECF).

Dated: June 9, 2023.

/s/ *Mark A Pacella*
Mark A. Pacella